J-S46009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAY ALONZO, | : | |
| | : | |
| Appellant | : | No. 18 MDA 2014 |

Appeal from the PCRA Order Entered September 18, 2013,
In the Court of Common Pleas of Luzerne County,
Criminal Division, at No. CP-40-CR-0000046-2002.

BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Jay Alonzo, appeals from the denial of his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

We previously summarized the facts and early procedural history of this case as follows:

> On September 17, 2002, a jury convicted Appellant of three counts each of possession with intent to deliver a controlled substance ("PWID") and simple possession, and one count each of possession of drug paraphernalia and receiving stolen property. On October 28, 2002, the court imposed an aggregate sentence of eighteen (18) to thirty-six (36) years' imprisonment. This Court affirmed Appellant's judgment of sentence on January 13, 2004. ***See Commonwealth v. Alonzo***, 847 A.2d 754 (Pa. Super. 2004) (unpublished memorandum). Appellant did not seek further review.

On January 10, 2005, Appellant timely filed his first PCRA petition claiming, *inter alia*, trial counsel was ineffective for failing to call Mr. Selwin King as a witness. Specifically, Appellant alleged Mr. King would have testified he actually possessed the stolen gun at issue in Appellant's case. On February 25, 2005, following a hearing, the court denied Appellant relief. This Court affirmed on February 3, 2006, and the Supreme Court denied allowance of appeal. ***See Commonwealth v. Alonzo***, 897 A.2d 513 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 588 Pa. 762, 903 A.2d 1232 (2006).

On November 9, 2006, Appellant filed a second PCRA petition, which the court denied on May 30, 2007.[1] This Court[2] affirmed on July 16, 2008, and the Supreme Court denied allowance of appeal. ***See Commonwealth v. Alonzo***, 959 A.2d 956 (Pa. Super. 2008) (unpublished memorandum), appeal denied, 600 Pa. 726, 963 A.2d 466 (2009).

***Commonwealth v. Alonzo***, 1807 MDA 2010, 34 A.3d 240 (Pa. Super. filed September 28, 2011) (unpublished memorandum).

Appellant filed a third PCRA petition on May 11, 2010, which was dismissed on September 30, 2010, following a hearing. This Court affirmed the dismissal of the petition on September 28, 2011, holding that we lacked jurisdiction because the third PCRA petition was untimely, and Appellant failed to satisfy the newly-discovered-facts exception to the PCRA's timeliness requirements. ***Alonzo***, 1807 MDA 2010 (unpublished

---

[1] While not noted in that prior memorandum, Appellant also filed a petition for writ of *habeas corpus* in federal district court on September 7, 2006, which was denied on July 11, 2008. ***Alonzo v. Wakefield***, 2008 WL 2761899 (W.D.Pa. 2008) (not reported in F.Supp.2d).

[2] On March 14, 2008, pursuant to a judgment order, we remanded for the parties to file new briefs.

memorandum at 8). Our Supreme Court denied Appellant's petition for allowance of appeal on February 1, 2012. *Commonwealth v. Alonzo*, 814 MAL 2011, 37 A.3d 1193 (Pa. filed Feb. 1, 2012).

The instant PCRA petition, Appellant's fourth, was filed on April 4, 2013. Upon the PCRA court's June 28, 2013 issuance of notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, Appellant filed an objection on September 4, 2013. The PCRA court dismissed the PCRA petition on September 18, 2013. Appellant filed the instant timely appeal on October 8, 2013. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

In his statement of questions involved, Appellant raises the following issues:

I. Did the PCRA court error when it ruled that Appellant was not entitled to this otherwise untimely PCRA petition in accords with 42 Pa.C.S.A., § 9545(b)(1)(i), in that, Appellant is serving a statutorily illegal sentence?

II. Did the PCRA court error when it erroneously ruled that it lacked jurisdiction to correct Appellant's illegal sentence, thereby failing to exercise it's [sic] inherent power to correct an illegal sentence at any time; and is Appellant actually innocent by statue, thereby causing a miscarriage of justice to occur, thus violating Appellant's Pennsylvania and United States constitutional right to due process?

II. Did trial counsel render ineffective assistance of counsel when he failed to apprehend the sentencing laws and therefore failing to object to this illegal sentence as was all appellant [sic] counsel?

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

As noted previously, we affirmed Appellant's judgment of sentence on January 13, 2004. The record does not reflect that Appellant sought review in the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on February 12, 2004, thirty days after this Court affirmed the judgment of sentence, and the period to file a petition for allowance of appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

---

[3] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Thus, the instant PCRA petition, filed more than nine years after the judgment of sentence became final, is patently untimely. 42 Pa.C.S. § 9545(b)(1).

Appellant acknowledges that his petition is patently untimely but asserts that the exception identified at 42 Pa.C.S. § 9545(b)(1)(i) is applicable. Appellant's Brief at 9. In support, Appellant argues that his consecutive sentences were illegal "where said sentence should have merged," and he therefore is serving a sentence "that exceeds the maximum as provided for by the statute . . . ." *Id*. at 9, 16. Even assuming, *arguendo*, that Appellant's sentence was "illegal," the PCRA court correctly dismissed Appellant's petition without a hearing.

First, there was no error in Appellant's sentence, let alone an obvious illegality. In his direct appeal in 2004, Appellant asserted that his sentence was manifestly excessive because it was "above the aggravated range based upon improper considerations." *Alonzo*, 1855 MDA 2002 (unpublished memorandum at 6). We held therein that "Appellant received a legal sentence" and as an appeal from the discretionary aspects of sentence, it did not represent an abuse of discretion by the sentencing court. *Id*. at 7–10. Further, in denying Appellant's writ of *habeas corpus*, the federal district court noted that Appellant's claim of an excessive sentence did not raise any constitutional questions. The district court stated, "Here, the state courts

-6-

found that the sentencing court imposed a legal sentence within the statutory limits and that the sentencing court gave sufficient reasons to justify its imposition of the maximum penalty." **Alonzo v. Wakefield**, 2008 WL 2761899 at *10.

Second, even if there was an obvious illegality in Appellant's sentence, the PCRA court did not have jurisdiction to consider it. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011). We stated in **Jackson** that when the one-year filing deadline of 42 Pa.C.S. § 9545 has expired and no statutory exception has been proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, "even if the error is patent and obvious." **Id**. at 523. This Court continued:

> Our holding is consistent with the policy underlying the PCRA. The legislature amended the PCRA in 1995 to establish a strict one-year filing deadline for PCRA petitions. The statute, as amended, incorporates three exceptions to the one-year filing deadline. The legislature never intended, nor have our courts permitted, any equitable exceptions beyond those stated in the statute itself. **See** [**Commonwealth v.**] **McKeever**, [947 A.2d 782 (Pa. Super. 2008)] **supra**. Although the one-year deadline is strictly applied, it nevertheless provides sufficient opportunity to discover errors in sentences. If an error exists in a sentence that is clearly erroneous such that a trial court could modify the order absent statutory authority under section [42 Pa.C.S.] 5505, the petitioner is afforded adequate time under section 9545 to discover the error during the course of the direct appeals process or within one year of the judgment of sentence becoming final. Beyond this time-period, courts are without jurisdiction to offer any form of relief. **See** [**Commonwealth v.**] **Perrin**, [947 A.2d 1284 (Pa. Super. 2008)] **supra**.

**Id**.

-7-

We conclude that Appellant has not established the applicability of any of the exceptions to the PCRA timeliness requirements and, thus, the PCRA court properly dismissed Appellant's petition as untimely. Therefore, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Taylor*, 67 A.3d 1245, 1249 (Pa. 2013) ("PCRA time requirement mandatory and jurisdictional in nature; court cannot ignore it and reach merits of petition."); *Commonwealth v. Hernandez*, 79 A.3d 649, 655 (Pa. Super. 2013) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition). Because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented. Likewise, we lack jurisdiction to reach the merits of the appeal. *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014